UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKER D., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.: 3:19-cv-01818-AHG <br><br> **ORDER:** <br><br> **(1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; and** <br><br> **(2) GRANTING LEAVE TO AMEND** <br><br> **[ECF NO. 2]** |

Plaintiff filed his Complaint in this matter on September 20, 2019, seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability insurance benefits. ECF No. 1. Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2.

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether the applicant has properly shown an inability to pay the $400 filing fee under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To that end, each applicant seeking to proceed IFP must provide the Court a signed affidavit including a statement of all the applicant's assets. CivLR 3.2(a). Second, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must evaluate whether the Complaint

1

sufficiently states a claim upon which relief may be granted before the Complaint is served. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Plaintiff's sworn statement of his assets shows that he receives only $196 per month in general public assistance, owns no assets and receives no other income, and that his average monthly expenses exceed his income. ECF No. 2. The Court finds Plaintiff has thus shown an inability to pay the filing fee under § 1915(a).

However, Plaintiff does not sufficiently state a claim for relief. Section 1915(e)(2)(B) requires the Court to screen complaints filed by IFP applicants and to dismiss the case at any time if the Court determines the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Although the language of the statute refers to IFP actions brought by prisoners, "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Therefore, plaintiffs seeking to appeal a decision by the Commissioner of Social Security are not exempt from the standard Rule 8 pleading requirements. *See Hoagland v. Astrue*, No. 1:12-CV-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits.").

The Complaint states the following grounds for reversal or remand: (1) that the Commissioner denied Plaintiff's application "despite medical evidence supplied to the Social Security Administration [and] testimony given at the hearing" showing "Plaintiff's inability to engage in substantial gainful employment," (2) that the Administrative Law Judge's decision "was erroneous and unfounded" and "not supported by substantial evidence," and (3) that the decision "is contrary to law[.]" ECF No. 1 at 3-4. These allegations amount to precisely the kind of boilerplate, conclusory statements that do not meet the federal pleading standard. Plaintiff does not explain what medical evidence or testimony conflicts with the Commissioner's decision or otherwise explain why the

2
3:19-cv-01818-AHG

decision is contrary to law or unsupported by substantial evidence. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

While the Complaint vaguely states standard grounds on which Social Security benefits decisions are reversed or remanded, these grounds are "devoid of further factual enhancement" that might lend even minimal insight into the factual bases of Plaintiff's appeal. *Id.* "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *3. Plaintiff's Complaint does not meet that standard.

Accordingly, the Court **DENIES** the IFP motion without prejudice and **DISMISSES** the Complaint pursuant to § 1915(e)(2)(B)(ii). Plaintiff is **GRANTED LEAVE TO AMEND** the Complaint and file a new IFP motion by **November 1, 2019.**

**IT IS SO ORDERED.**

Dated: October 10, 2019

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge