UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKER D., <br><br>　　　　　　　　Plaintiff, <br><br>v. <br><br>ANDREW SAUL, Commissioner of Social Security, <br><br>　　　　　　　　Defendant. | Case No.:  3:19-cv-01818-AHG <br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** <br><br>**[ECF No. 6]** |

On October 10, 2019, the Court denied Plaintiff's Motion for Leave to proceed *in forma pauperis* ("IFP") because his Complaint failed to state a claim and permitted leave to amend. ECF Nos. 2, 4. Plaintiff filed an Amended Complaint and a renewed IFP Motion on October 23, 2019. ECF Nos. 5, 6.

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether the applicant has properly shown an inability to pay the $400 filing fee under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To that end, each applicant seeking to proceed IFP must provide the Court a signed affidavit including a statement of all the applicant's assets. CivLR 3.2(a). Second, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must evaluate whether the Complaint sufficiently states a claim upon which relief may be granted before the Complaint is served.

*See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Having reviewed Plaintiff's Amended Complaint, the Court finds Plaintiff has sufficiently stated a claim upon which relief may be granted. Specifically, Plaintiff appeals the Commissioner's denial of his benefits application pursuant to 42 U.S.C. § 405(g) on the grounds that: (1) in determining Plaintiff's residual functional capacity ("RFC") in light of his impairments, the Administrative Law Judge ("ALJ") erroneously discounted the weight of Plaintiff's treating physicians' opinions that Plaintiff is limited to less than sedentary work, is unable to sustain attention and concentration, easily fatigues mentally and physically, makes mistakes with poor focus, has muscle weakness, and cannot sit for longer than 15 minutes, all of which render him unable to work; and (2) the ALJ erroneously gave greater weight to the opinions of non-examining physicians and a consultative examiner than to Plaintiff's treating physicians. The Court finds these allegations sufficiently specific to state a claim for reversal or remand of the Commissioner's decision.

Additionally, Plaintiff's IFP Motion (ECF No. 6) contains the same sworn statement of his assets provided in his previous IFP Motion. That affidavit shows that he receives only $196 per month in general public assistance, owns no assets and receives no other income. *Id.* Thus, the Court finds once more that Plaintiff has shown an inability to pay the filing fee under § 1915(a).

Based on the foregoing considerations, the Court **GRANTS** the IFP Motion (ECF No. 6).

In accordance with Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), the Court **DIRECTS** the Clerk to issue the summons and to send Plaintiff a blank United States Marshal Service ("USMS") Form 285 along with certified copies of this Order and his Amended Complaint (ECF No. 5). Once Plaintiff receives this "IFP Package," the Court **ORDERS** him to complete the Form 285 and forward all documents in the package to the

USMS. Upon receipt, the USMS will serve a copy of the Amended Complaint and summons on Defendant as directed by Plaintiff on the USMS Form 285. The United States will advance all costs of service.

**IT IS SO ORDERED.**

Dated: October 23, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge