UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKER DUANE DONAHUE,<br><br>                              Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                              Defendant. | Case No.:  19-cv-1818 W (AHG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [DOC. 26]** |

Pending before the Court is Plaintiff Parker Duane Donahue's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Section 2412(d)(1).  (*Mot.* [Doc. 26].)  Defendant Andrew Saul, Commissioner of Social Security opposes the Motion.  (*Opp'n* [Doc. 28].)  The Court decides the matter on the papers

1

submitted and without oral argument.  See Civ. L.R. 7.1(d)(1).  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

### I.   BACKGROUND

On December 8, 2015, Plaintiff filed an application for Title II Disability Insurance Benefits.  (*Admin. Record* [Doc. 14] at 169–70.)  His application was denied on initial review and again upon reconsideration.  (*Id.* at 65–77, 79–93.)  An Administrative Law Judge ("ALJ") then conducted a hearing, determined that Plaintiff was not disabled within the meaning of the Social Security Act, and denied him disability insurance benefits.  (*Id.* at 20-64.)  In response, Plaintiff brought the current action in this Court seeking judicial review of the denial of his Social Security application.

On January 13, 2021, United States Magistrate Judge Allison H. Goddard issued a Report and Recommendation ("R&R") reversing the Commissioner's determination that Plaintiff is not disabled under the Social Security Act.  (*R&R* [Doc. 21].)  This Court then adopted Judge Goddard's R&R in full and remanded the case for further administrative proceedings.  (*Order Adopting R&R* ("*Order*") [Doc. 24].)

As a result, Plaintiff's counsel brought this Motion for Attorney's Fees under the EAJA, 28 U.S.C. Section 2412(d)(1).  Plaintiff's counsel seeks 60.49 hours of attorney's fees at a rate of $207.78 per hour—totaling $12,568.61.  (*Decl. of Eddy Pierre* ("*Pierre Decl.*") [Doc. 26-2] ¶¶ 9–11.)  Plaintiff's counsel also requests an additional 5 hours of attorney time for briefing the Reply to this Motion, increasing the total request to $13,607.51 for 65.49 hours of attorney work.  (*Reply* [Doc. 29] at 7.)

Defendant opposes the Motion, arguing that Plaintiff is not entitled to any fees because the Commissioner's position was "substantially justified," or, in the alternative, that Plaintiff's fee request should be reduced because the amount requested is unreasonable.  (*Opp'n* at 2.)

## II. LEGAL STANDARD

The Equal Access to Justice Act provides, in relevant part: "a court shall award to a prevailing party other than the United States fees and other expenses … *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

## III. DISCUSSION

### A. The Government's Position Was Not Substantially Justified

"The government has the burden of demonstrating that its position was substantially justified." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). A position is "substantially justified" if it "has a reasonable basis in both law and fact." Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (citations and internal quotations omitted); see also Pierce v. Underwood, 487 U.S. 552, 565 (1988) (the substantial justification standard is satisfied if there is a "genuine dispute."). While failing to prevail does not raise a presumption that the government's position was not substantially justified, a holding that the agency's decision was unsupported by substantial evidence is a "strong indication" that the agency's position was not substantially justified. Thangaraja, 428 F.3d at 874. "[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." Id. (internal quotations and citation omitted).

Here, the ALJ's decision was not substantially justified because it unreasonably failed at steps two, three, and four in the disability analysis. See 20 C.F.R. §§ 404.1520(c)-(e). First, the ALJ erred by not considering Plaintiff's fibromyalgia *at all* in step two even though "Plaintiff consistently listed fibromyalgia as a reason he could not work in his disability application and updated disability reports, as well as listing it as the

basis for seeking medical treatment and the condition underlying his Lyrica prescription." (*R&R* at 10) (citation omitted).  In addition, three independent medical sources (Drs. Alicja Steiner, Shayna Walker, and Anchi Wang) diagnosed Plaintiff with fibromyalgia, but the ALJ failed to consider these sources or at least provide some analysis explaining why he did not consider them.  (*Order* at 5; *R&R* at 11-12.)  *Defendant* offers various reasons why the ALJ may have ignored these diagnoses (*see Opp'n* at 3-5), but the Court is limited to the ALJ's reasoning and may not "affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001) (citation omitted).

Defendant counters that this error was harmless because the ALJ addressed Plaintiff's allegations of fibromyalgia in later steps and concluded, based on Dr. Eric Anderson's opinion, that Plaintiff could engage in light work on a regular and continuing basis.  (*Opp'n* at 5; *Order* at 5.)  On the other hand, Drs. Steiner and Wang opined that Plaintiff would require "frequent breaks" and would not be able to work a full day due to fatigue.  (*Order* at 5.)  The issue again is that the ALJ did not explain why he was discounting the opinions of Drs. Steiner and Wang in favor of Dr. Anderson's opinion.  (*Id.*; *R&R* at 16-17.)  "While the ALJ need not discuss all evidence presented to him, he must explain 'why significant probative evidence has been rejected.'" Rosemary G. V. v. Saul, 2020 WL 6703123, at *2 (S.D. Cal. Nov. 12, 2020) (quoting Vincent v. Heckler, 739 F.2d 1393, 1394–95 (9th Cir. 1984)).  Given this absence of explanation, the Court cannot say that the ALJ's position was reasonable in both law and fact.

Second, and as discussed more fully in the Order Adopting the R&R, the ALJ failed to cite to specific clinical or objective evidence in support of his rejection of Dr. Walker's opinion and, in so doing, mischaracterized the extent of Plaintiff's daily activities and ability to work full days without frequent breaks.  (*Order* at 7.)  And third, the ALJ did not provide sufficient evidence for discounting Plaintiff's testimony

4

regarding his symptoms of fatigue, lower back aches, and difficulty thinking.  (*Order* at 9; *R&R* at 30-32.)  "When an ALJ ignores important evidence in making a disability determination, it is grounds to find the government's decision is not substantially justified with regard to a determination on a plaintiff's motion for attorney's fees."  Rosemary, 2020 WL 6703123, at *2; see also McLean v. Colvin, 648 F. Appx. 621, 622 (9th Cir. 2016) (unpublished) (finding that the ALJ's decision was not substantially justified because the ALJ failed to discuss significant, probative record evidence contrary to the ALJ's findings).  Further, if the "ALJ's decision was not substantially justified, [the] court need not reach the issue of whether the Commissioner's litigation position was substantially justified."  McLean, 648 F. Appx. at 622 (citing Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014)).  Therefore, the government's position was not substantially justified and Plaintiff is entitled to reasonable attorney's fees.

### B. Plaintiff's Fee Request is Reasonable

A plaintiff's fee request under the EAJA must be "reasonable."  28 U.S.C. § 2412(d)(2)(A).  Factors in determining how much time an attorney could reasonably spend on a particular case include, but are not limited to, "the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained."  Costa v. Comm'r of Social Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012).  "Ultimately, a 'reasonable' number of hours equals the number of hours … which could reasonably have been billed to a private client."  Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (citation omitted and cleaned up).  The EAJA caps fees at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).

Plaintiff seeks compensation for a total of 65.49 hours of attorney work at a rate of $207.78 per hour for a total of $13,607.51. (*Reply* at 7:23.) Defendant does not dispute that $207.78 is a reasonable rate[1] but argues that 9.5 hours (or $1,973.91) should be subtracted from the total because of alleged duplicative work and overbilling by Plaintiff's counsel. For example, Plaintiff submitted a confidential settlement proposal[2] [Doc. 28-1] pursuant to Magistrate Judge Godard's Order Re: Mandatory Settlement Procedures, which according to Defendant "was essentially an 11-page brief … set[ting] forth all of the arguments Plaintiff intended to raise." (*Opp'n* at 10.) Plaintiff billed 9.5 hours for this letter, an amount Defendant finds reasonable. (*Id.* at 11.) Defendant, however, takes issue with Plaintiff requesting 22.25 hours for drafting his portion of the joint motion, which allegedly borrows heavily from the settlement letter: "First, counsel was able to review the record and write a thorough and detailed settlement brief, which ultimately became much of her opening brief, in only 9.5 hours. The idea that he required more than *twice* that much time to summarize the administrative proceedings and outline the medical evidence, hearing testimony, and ALJ's finding defies credulity." (*Id.*)

Defendant overstates the overlap between the settlement brief and Plaintiff's portion of the joint motion and understates the complexity of the issues and size of the record in this case (which contained more than 950 pages). Contrary to Defendant's assertion, it does not "defy credulity" that Plaintiff spent twice as long on his portion of

---

[1] The Ninth Circuit's 2020 statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, was $207.78. See "Statutory Maximum Rates Under the Equal Access to Justice Act," https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited May 26, 2022); see also Thangaraja, 428 F.3d at 876-77.

[2] Courts "may consider evidence of a settlement offer to the degree such evidence is relevant to the calculation of reasonable attorneys' fees . . . ." See In re Kekauoha-Alisa, 674 F.3d 1083, 1094 (9th Cir. 2012).

the joint motion than his settlement letter.  His portion of the joint motion was more than three and a half times longer than his settlement letter.  (8,247 words versus 2,333 words).  (*Reply* at 6.)  Plaintiff raised additional arguments in the joint motion, bolstered existing arguments with additional evidence, and anticipated and preempted potential arguments Defendant might raise in the joint motion.  (*Id*.)

Defendant cites to Franklin v. Berryhill,[3] Spitzer v. Saul,[4] and Pena v. Saul[5] in support of his "duplicative work" argument.  But these cases are distinguishable.  In Franklin, the district court properly reduced Plaintiff's fee request in part because his appellate brief was "overwhelmingly" copied from his summary judgment briefing and only contained a small portion of original writing.  705 Fed. Appx. at 662.  In Spitzer, "Plaintiff [did] not dispute the assertion that significant portions of the letter brief were copied into the opening brief."  2020 WL 1970064, at *4.  And in Pena, the Court found "substantial overlap" between the letter brief and opening brief.  2021 WL 268311, at *4.  Here, in contrast, there is no "substantial overlap" between Plaintiff's settlement letter and joint motion and there is no evidence of direct and excessive copying from one brief to the next.  Accordingly, there is no reason to subtract 9.5 hours from Plaintiff's fee request.

Lastly, Defendant contends that any fees awarded must be paid to Plaintiff, not his counsel.  (*Opp'n* at 12.)  Under Astrue v. Ratliff, 560 U.S. 586, 590 (2010), fees awarded under the EAJA must be paid directly to the litigant.  But courts may order payment directly to counsel as long as plaintiff does not have a debt that is subject to offset under the United States Department of the Treasury Offset Program and as long as plaintiff

---

[3] 705 Fed. Appx. 661, 662 (9th Cir. 2017) (unpublished).
[4] 2020 WL 1970064, at *4 (E.D. Cal. Apr. 24, 2020).
[5] 2021 WL 268311, at *4 (E.D. Cal. Jan. 27, 2021).

7

assigned his right to EAJA fees to counsel.  See Young v. Berryhill, 2017 WL 4387315, at *3 (E.D. Cal. Oct. 3, 2017) (collecting cases).  Here, Plaintiff assigned his right to EAJA fees to his attorney.  (*Pierre Decl.* ¶ 12.)  Therefore, the fee award may be paid directly to Plaintiff's counsel so long as Plaintiff does not owe a government debt that is subject to offset.

### IV. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees [Doc. 26] and **ORDERS** as follows:

1. Plaintiff is awarded attorney's fees in the amount of $13,607.51;
2. Payment shall be made directly to Plaintiff's counsel unless the United States Department of the Treasury determines that Plaintiff owes a federal debt that is subject to offset.

**IT IS SO ORDERED.**

Dated:  May 26, 2022

Hon. Thomas J. Whelan
United States District Judge