# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKER DUANE DONAHUE,<br><br>                      Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>                      Defendant. | Case No.: 19-CV-1818 W (AHG)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) [DOC. 31]** |

     Pending before the Court is Plaintiff counsel's, Eddy Pierre Pierre of Pierre Pierre Law, PC ("Counsel"), motion for attorney's fees under 42 U.S.C. § 406(b). Counsel requests $22,432.25 in fees, representing 25% of his client's past due benefits. (*Notice of Mtn.* [Doc. 31] at 2:1–9.) On May 16, 2025, Defendant filed a response taking no position on the request. (*See Def's Response* [Doc. 32].)

---

[1] Under Federal Rule of Civil Procedure 25(d), Frank Bisignano is automatically substituted as Defendant because his predecessor public officer separated from office during the pendency of this case.

The Court decides the matter on the papers submitted, and without oral argument. *See* CivLR 7(1)(d). For the following reasons, the Court **GRANTS** the motion [Doc. 31].

## I.  LEGAL STANDARD

Section 406(b) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

*Id.* "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802, (2002)). "The goal of fee awards under section 460(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted." *Thomas v. Colvin*, No. 1:11-cv-1291, 2015 WL 1529331, *1 (E.D. Cal. 2015) (citing *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807).

In evaluating an attorney's fee request, courts "must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gilbrecht*, 535 U.S. at 793, 808). Factors courts may consider in evaluating the reasonableness of the attorney fee award are: (1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours

worked and counsel's regular hourly billing charge for non-contingent cases. *Thomas*, 2015 WL 1529331, *2 (citing *Crawford*, 586 F.3d at 1148).

## II. DISCUSSION

Here, Plaintiff entered into a contingency-fee agreement (the "Agreement") with Counsel. (*See Agreement* [Doc. 31-3].) The Agreement provides that Plaintiff agrees "that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded . . . ."

There is no dispute that Counsel was successful in obtaining a favorable result for Plaintiff in this case by securing a remand to the Commissioner to hold a new hearing and issue a new decision. (*Order* [Doc. 24] 9–10.) On remand, the Commissioner granted Plaintiff's application for benefits. (*P. Decl.* [Doc. 31-2] at 3, ¶ 11.) Based on these facts, there is no indication of substandard performance or dilatory conduct by counsel.

Additionally, Counsel has persuasively argued that her de facto hourly rate of $370.87, while on the high end, nevertheless compares favorably with rates awarded by other courts in this District. *See Watkins v. O'Malley*, 2024 WL 2702444, * 2 (S.D. Cal., May 24, 2024) (citations omitted) (collecting cases) (approving effective hourly rate of $1,566.00 and noting that "several cases have found rates of $1,300 to $1,600 to be appropriate, including cases in this district.").

For these reasons, the Court will grant the motion.

///
///
///
///
///
///
///

### III. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** Petitioner Eddy Pierre Pierre's motion for attorney's fees under 42 U.S.C. § 406(b) [Doc. 31]. Defendant is **ORDERED** to pay $22,432.25 directly to Pierre Pierre Law, P.C., to be paid from Plaintiff's past due benefits, within 90 days from the date of this order. Counsel is **ORDERED** to reimburse any fees previously received under the Equal Access to Justice Act (EAJA).

**IT IS SO ORDERED.**

Dated: June 13, 2025

_____
Hon. Thomas J. Whelan
United States District Judge